**In re SERVINT CORPORATION,
Debtor.**

**United States of America, Plaintiff,**

**v.**

**Servint Corporation, Defendant.**

**No. 01–10304–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

July 25, 2003.

11. The state-owned facility appears to be an office building, not a storage facility.

Sam J. Alberts, Jonathan L. Gold, Stanley J. Samorajczyk, Akin, Gump, Strauss, Hauer & Feld, LLP, Mark D. Taylor, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for debtor.

James C. Bastian, Marshack, Shulman & Hodges LLP, Irvine, CA, Ruth M. Bayley, Mintz, Levin, Cohn, et al., Boston, MA, Brian L. Boysen, Minneapolis, MN, Maritoni Carasig–Carlos, New York City, March D. Coleman, Steptoe & Johnson, LLP, Washington, DC, Joseph P. Corish, Bean, Kinney & Korman, P.C., Arlington, VA, Robert K. Coulter, Office of the U.S. Attorney, Alexandria, VA, Robert H. Cox, Howrey, Simon, Arnold & White, LLP, Washington, DC, Mary DeNevi, Bingham Dana LLP, Boston, MA, Jeffery A. Deller, Klett, Rooney, Lieber & Schorling, Pittsburgh, PA, Francis P. Dicello, Kelly C. Griffith, Reed Smith LLP, Washington, DC, H. Bradley Evans, Redmon, Peyton & Branswell, L.L.P., Thomas P. Gorman, Tyler, Bartl, Gorman & Ramsdell, PLC, Alexandria, VA, Jeremy S. Friedberg, Leitess & Friedberg, PC, Baltimore, MD, Jennifer Maria Kappel, Zuckerman, Spaeder LLP, Washington, DC, Nancy F. Loftus, Office of the County Attorney, Fairfax, VA, Daniel J. McGarry, Fabyanske, Westra & Hart, P.A., Minneapolis, MN, Robert L. Roth, Robert L. Roth, P.A., Miami, FL, Stanley M. Salus, Wickwire Gavin, P.C., Vienna, VA, Jack A. Simms, Anthony G. Stamato, Baker & McKenzie, Chicago, IL, Lance J. Vander Linden, Brice, Vander, Linden & Wernick, P.C., Dallas, TX, Robert B. Walker, Law Office of Robert B. Walker, Herndon, VA, Jason

Scott Zarin, Department of Justice–Tax Division, Washington, DC, for creditors.

Bradford F. Englander, Linowes and Blocher LLP, Silver Spring, MD, Robert G. Martin, Waltham, MA, for Cred. Comm. Chair.

Paul M. Sweeney, Linowes & Blocher LLP, Bethesda, MD, for trustee.

### MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

THIS CASE is before the court on cross motions for summary judgment with respect to the debtor's objection to the request for payment of an administrative expense filed by the United States on behalf of the Internal Revenue Service. The Internal Revenue Service filed a request for payment for an administrative expense claim for penalties and interest in the amount of $22,534.03. The penalties are asserted by the IRS for the debtor's failure to comply with the IRS's electronic fund transfer ("EFT") deposit requirements for payroll taxes for post-petition tax periods.

Title 26 of the United States Code establishes the mode and time of collection of taxes. In particular, 26 U.S.C. § 6302(h)(1)(A) requires the Secretary of the Treasury to prescribe "such regulations as may be necessary for the development and implementation of an electronic fund transfer system which is required to be used for the collection of depository taxes." The Secretary fulfilled this requirement by promulgating regulations governing EFT deposit requirements. Rev. Proc. 97–33. The IRS is authorized to assess penalties if a taxpayer makes improper federal tax deposits. *See* 26 U.S.C. § 6656; 26 C.F.R. 301.6656–1. In this case, the debtor timely and fully paid its taxes by check through the bank. However, at the time, it was required to make the payments by electronic fund transfer. The penalty assessed in this case was assessed for the failure to properly make the tax payments by electronic fund transfer. Both parties filed motions for summary judgment, the debtor asserting that the penalty is not included in 11 U.S.C. § 503(b)(1)(C) and the IRS asserting that it is.

■ The motions for summary judgment can be resolved by the plain language of § 503(b)(1)(C). Section 503(b) states:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including–

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

(B) any tax–

(I) incurred by the estate, except a tax of a kind specified in section 507(a)(8) of this title; or

(ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment relates ended before or after the commencement of the case; and

(C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph.

The analysis is straightforward. Three requirements must be met in order to be accorded an administrative expense status. First, the amount requested must be a fine, penalty, or reduction in a credit. 11 USC § 503(b)(1)(C). Here, there is no doubt that the amount sought to be collected is a penalty imposed under 26 U.S.C.

§ 6656 for failure to make tax deposits by electronic means notwithstanding that the taxes were timely paid. The second requirement is that the penalty must relate to a tax specified in § 503(b)(1)(B). Section 503(b)(1)(B) is very broad. It includes any tax incurred by the estate "except a tax of a kind specified in section 507(a)(8)". The underlying tax must be imposed upon the estate and may not be of a kind specified in § 507(a)(8). The tax in question in this case is a payroll tax. The taxes were incurred by the estate post-petition. None fall within the type of taxes set out in § 507(a)(8). The third requirement is that the penalty must relate to the tax referred to. In this case, the penalty relates to the eligible tax. It arises from the failure to properly pay the tax.

■ The debtor asserts that the penalties only advance the IRS's goal of increasing EFT compliance and are not designed to penalize the taxpayer for failing to honor its tax obligations. Consequently, the EFT deposit requirement is not in the nature of a penalty but an administrative regulation. Moreover, the penalty does not relate to a tax. There must be a reasonable relationship between the penalty and the tax which furthers the purposes of the tax code. *Unitcast, Inc. v. Schottenstein, Zox and Dunn (In re Unitcast, Inc.)* 219 B.R. 741 (6th Cir. BAP 1998).

■ *Unitcast* is not apposite. In that case, the IRS sought to assess a penalty under 26 U.S.C. § 4971 relating to accumulated funding deficiencies in the debtor's employee benefit plans established under 26 U.S.C. § 412 and 29 U.S.C. § 1082. The debtor argued that the § 4971 penalties did not relate to a tax as required by § 503(b)(1)(B). *Id.* at 748. The Bankruptcy Appellate Panel noted that the mere fact that the required payment is denoted as a tax does not make it a tax. *See United States v. Noland,* 517 U.S. 535,

116 S.Ct. 1524, 1527, 134 L.Ed.2d 748 (1996); *United States v. Reorganized CF & I Fabricators of Utah, Inc.,* 518 U.S. 213, 116 S.Ct. 2106, 135 L.Ed.2d 506 (1996). It held that the § 412 payment was not a tax. The IRS then sought to relate the § 4971 penalty which arose from the failure to make the § 412 payment to other taxes such as income taxes, employment taxes on post-petition wages. The Panel held that there must be a relationship between the tax and the penalty asserted. There was no relationship between the § 4971 penalty and the other taxes the IRS identified. The penalty related to the failure to fully fund the pension plan under 26 USC § 412 and was unrelated to income taxes or employment taxes. Generally, a penalty relates to a tax when it is assessed in connection with the failure of the taxpayer to pay the tax in the time or manner or at the place required by law. That relationship was absent in *Unitcast* but is clearly present here.

The motion of the IRS for summary judgment as to liability will be granted and the debtor's motion denied. A further hearing will be set to determine the amount of the tax to be treated as an administrative expense.